UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUANIER DIAZ HERNANDEZ

**Plaintiff/Petitioner,**

**Case No.:**

v.

**MARKWAYNE MULLIN** as Secretary for
The Department of Homeland Security (DHS);
**TODD M. LYONS** as Acting Director, Miami
Field Office, Enforcement and Removal Operations
(ERO), Department of Homeland Security;
**TODD BLANCHE** as
Interim United States Attorney General;
**RONNIE WOODALL** as Warden
of Baker Correctional Institute in Sanderson, Florida,

**Respondents/Defendants.**

---

**PETITIONER'S EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

---

Petitioner Juanier Diaz Hernandez, by and through undersigned counsel, pursuant to Federal

Rule of Civil Procedure 65, 28 U.S.C. § 2241, and 28 U.S.C. § 1651 (All Writs Act), respectfully

moves this Court for an **emergency temporary restraining order ("TRO") and preliminary**

**injunction** directing Respondents, their officers, agents, servants, employees, and all persons

acting in concert with them to: (1) immediately refrain from removing Petitioner from the United

States; and (2) immediately refrain from transferring Petitioner outside the Middle District of

Florida, pending final disposition of the underlying Petition for Writ of Habeas Corpus filed contemporaneously herewith.

Absent immediate relief, Petitioner faces **irreversible harm**: removal to Cuba — a country to which the United States government has virtually no repatriation access — on the basis of an unlawful removal order entered at a proceeding where Petitioner appeared *pro se* solely because he was defrauded of $14,000 by persons fraudulently posing as licensed immigration attorneys. Additionally, any transfer of Petitioner outside this district would deprive this Court of jurisdiction to hear the habeas petition, rendering the remedy illusory.

This Motion is supported by the simultaneously filed Verified Petition for a Writ of Habeas Corpus, the Exhibit in Support thereof, and the memorandum of law set forth herein.

## FACTUAL BACKGROUND

Petitioner Juanier Diaz Hernandez is a Cuban national, born July 22, 1995, who was paroled into the United States pursuant to INA § 212(d)(5) on or about June 20, 2022, at the Eagle Pass International Bridge. He resided continuously at 4916 Murray Hill Drive, Tampa, Florida from the time of his admission through his unlawful detention in late December 2025 — a period of over three years — without any criminal arrest, charge, or conviction of any kind.

On July 15, 2025, Petitioner filed a Form I-485 Application to Register Permanent Residence or Adjust Status under the Cuban Adjustment Act, 8 U.S.C. § 1255 note. This is a standalone self-petition under the CAA, which requires no spousal or family sponsor. USCIS received the application and assigned receipt number IOE0932951772, confirming in writing that

the application "is still being processed." The application remains pending as of the date of this filing.

In late December 2025, ICE detained Petitioner without any criminal predicate. His Master Calendar Hearing was scheduled before Immigration Judge Pedro Espinal of the Orlando Immigration Court for February 20, 2026. In the weeks preceding that hearing, Ms. Alfonso, believing she was retaining legitimate legal counsel, paid approximately $14,000 to individuals operating as "Vargas Law Group" who fraudulently claimed to be licensed immigration attorneys. These individuals produced a sophisticated array of fraudulent documents, including forged USCIS receipt notices, fabricated orders from the Department of Justice, and simulated court hearings through WhatsApp — all designed to extract payments while performing no legitimate legal services.

At the February 20, 2026 hearing, Immigration Judge Espinal informed Petitioner that **no attorney had appeared on his behalf**. Petitioner appeared without counsel solely as a result of the fraud. He advised the Court he had been the victim of a fraudulent law firm and asked what he could do. The IJ's response was that he was "not eligible for voluntary departure, or bond." Petitioner, without legal representation and without understanding his legal options, was ordered removed to Cuba. He was not advised of his pending I-485 application or his eligibility to seek a continuance.

Counsel filed a Motion to Reopen Based on Exceptional Circumstances on or about March 23, 2026, fully complying with the requirements of *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988). On March 24, 2026, IJ Espinal denied the Motion to Reopen by checkbox order,

without written reasoning, on the stated basis of "failure to provide evidence demonstrating changed circumstances." Counsel timely filed a Notice of Appeal to the Board of Immigration Appeals (BIA) on April 7, 2026, within the 30-day appeal window. The BIA appeal remains pending. The pending appeal relates solely to the Motion to Reopen and not to the plaintiff/petitioner's ongoing detention, which is based on the government's improper claim that detention is mandatory under 8 U.S.C. § 1225, rather than 8 U.S.C. § 1226, under which detained persons have a right to a bond hearing. Whether the motion to reopen is granted or denied, the government's current policy is to keep the plaintiff/petitioner unlawfully detained, which forms the basis for this motion and the petition.

Petitioner remains detained at Baker Correctional Institution, 20706 FL-10, Sanderson, Florida 32087, within the Middle District of Florida.

**LEGAL STANDARD**

A court may grant a TRO or preliminary injunction upon a showing of: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the immigration context, where removal is threatened, courts apply *Nken* with recognition that removal to a foreign country is uniquely and often permanently irreversible. *Nken*, 556 U.S. at 435.

A TRO may be granted without notice to the adverse party only if: (1) specific facts in an affidavit or verified complaint clearly show immediate and irreparable injury before the adverse

party can be heard; and (2) the moving party certifies in writing any efforts made to give notice and reasons why it should not be required. Fed. R. Civ. P. 65(b)(1). Given the active removal order and the risk that notice to ICE could trigger immediate execution of that order, this Court should issue the TRO *ex parte* or on very short notice.

Separately, under the All Writs Act, 28 U.S.C. § 1651, this Court has independent authority to issue all writs necessary or appropriate in aid of its jurisdiction. Where a habeas petitioner is at risk of transfer that would defeat the Court's jurisdiction, the All Writs Act provides a separate and sufficient basis for an anti-transfer injunction, independent of the *Nken* analysis. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).

## ARGUMENT

### I.   PETITIONER IS LIKELY TO SUCCEED ON THE MERITS.

**A.   Petitioner Is Governed by 8 U.S.C. § 1226(a), Not § 1225(b)(2), and Is Therefore Entitled to an Individualized Bond Hearing.**

The government has detained Petitioner under 8 U.S.C. § 1225(b)(2), which authorizes mandatory detention for "arriving aliens" — individuals detained at the border upon entry. Petitioner is not an arriving alien. He was lawfully paroled into the United States in July 2022, resided continuously in Tampa, Florida for over three years, and was detained by ICE in late December 2025 — long after his lawful entry. He is governed by 8 U.S.C. § 1226(a), which requires an individualized bond hearing before an Immigration Judge before any detention may continue.

The weight of authority is overwhelming and uniform. Over **212 district courts** nationwide have ruled that § 1225(b)(2) does not apply to long-term residents detained after years of presence in

the United States. *See* Exhibit 7 (collecting 212 favorable decisions). This very Court, in the Middle District of Florida, has repeatedly so held. *See Torres v. United States Dep't of Homeland Sec.*, No. 3:26-cv-646-TJC-LLL (M.D. Fla. Apr. 8, 2026) (granting habeas relief to similarly situated petitioner detained under § 1225(b)(2)); *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM (M.D. Fla. Oct. 31, 2025); *Hernandez Lopez v. Hardin*, No. 2:25-cv-00830 (M.D. Fla.).

Petitioner is a Cuban national admitted through a formal, documented act of government parole under § 212(d)(5). It would be, as this Court has recognized, "absurd" to treat a petitioner who was formally inspected, documented, and admitted by the United States government as still "seeking admission" years after that admission. The government cannot demonstrate any likelihood of success in defending the § 1225(b)(2) detention classification.

## B.   Petitioner's Due Process Rights Were Violated by a Removal Order Entered Without Counsel as a Result of Third-Party Fraud.

Petitioner appeared *pro se* before IJ Espinal on February 20, 2026 — not by choice, but because he had been defrauded of $14,000 by persons who fraudulently posed as licensed attorneys while performing no legitimate legal services. When Petitioner informed the IJ of the fraud, the IJ entered a removal order without advising Petitioner of his procedural options, his pending I-485 application, or his right to a continuance to obtain legitimate counsel. The IJ's statement that Petitioner was "not eligible for voluntary departure, or bond" was both legally inaccurate as applied and, in context, affirmatively misleading to an unrepresented petitioner who had just disclosed he was a fraud victim.

Under *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988), and the Eleventh Circuit's

holding in *Vukaj v. United States AG*, 321 Fed. Appx. 885, 888–89 (11th Cir. 2009), fraud by

persons engaged in the unauthorized practice of law constitutes exceptional circumstances

cognizable as ineffective assistance of counsel. The resulting removal order — entered without

any legitimate representation at any stage of the proceedings — violates the Fifth Amendment

right to a fundamentally fair hearing. Petitioner has satisfied all three *Lozada* requirements: he

submitted an affidavit detailing the fraud (Exhibit 3, Tab A); he filed complaints with the Tampa

Police Department (Tab O), the FBI IC3 (Tab O), and the Florida Bar (Tab P); and he filed a

timely Motion to Reopen that was wrongly denied.

**C.   The Pending Cuban Adjustment Act Application Independently Bars Execution of the Removal Order.**

Petitioner filed a Form I-485 under the Cuban Adjustment Act ("CAA"), 8 U.S.C. § 1255

note, on July 15, 2025, receipt number IOE0932951772. USCIS has confirmed the application is

pending. The CAA provides a statutory right to adjust status for Cuban nationals who have been

inspected, admitted, or paroled and have been physically present for at least one year — criteria

Petitioner satisfies on each element. The application was never adjudicated and was not

considered by the IJ at the February 20 hearing. Execution of a removal order while a facially

approvable adjustment application is pending before USCIS raises serious due process concerns

and may independently render the removal order unlawful. *See Matter of Martinez-Montalvo*, 24

I&N Dec. 778 (BIA 2009).

**II.   PETITIONER WILL SUFFER IRREPARABLE HARM ABSENT IMMEDIATE RELIEF.**

Irreparable harm is established as a matter of law where removal to a foreign country is

imminent. *Nken*, 556 U.S. at 435 ("[R]emoval is a drastic measure and, at least, a serious burden

on the alien."). Here, the harm is compounded by three independent factors:

First, Cuba is among the most non-cooperative countries in the world for repatriation of removed nationals. ICE's demonstrated ability to physically execute removals to Cuba is severely limited. If Petitioner is removed, there is a substantial likelihood he cannot be returned even if this Court later grants full habeas relief — rendering this proceeding moot and the Court's remedial power illusory.

Second, execution of the removal order would result in the permanent abandonment of the pending I-485 application. The CAA application, filed July 15, 2025, represents Petitioner's path to lawful permanent residence. That right, once lost to removal, cannot be undone.

Third, separation from Ms. Alfonso, a lawful permanent resident of the United States, constitutes a continuing and ongoing injury to Petitioner's constitutionally protected liberty and family integrity interests.

## III.   THE BALANCE OF EQUITIES TIPS SHARPLY IN PETITIONER'S FAVOR.

The balance of hardships weighs overwhelmingly in favor of Petitioner. A TRO delays administrative proceedings by the number of days the Court requires to adjudicate the habeas petition — a matter of weeks. Against this administrative inconvenience, Petitioner faces permanent exile to Cuba, permanent loss of his adjustment application, separation from his domestic partner, and the irreversible destruction of a life built over three years of lawful presence in the United States. The equities do not require extended analysis. *See Nken*, 556 U.S. at 435.

## IV.   THE PUBLIC INTEREST FAVORS ISSUANCE OF THE TRO.

The public interest is served by ensuring that immigration detention and removal proceedings comply with the Constitution and the INA. *See Torres*, No. 3:26-cv-646-TJC-LLL, slip op. at 12 ("[T]he public interest favors enjoining unlawful government action."). Compliance with the Constitution — including the right to a bond hearing under § 1226(a) and the right to a fundamentally fair removal proceeding — is itself a public interest. Additionally, the public has a cognizable interest in the integrity of the immigration court system, which is undermined when removal orders are entered against fraud victims appearing without counsel.

## V.   THIS COURT SHOULD INDEPENDENTLY ENJOIN TRANSFER UNDER THE ALL WRITS ACT.

Independently of the *Nken* analysis, this Court has authority under the All Writs Act, 28 U.S.C. § 1651, to enjoin the transfer of Petitioner outside the Middle District of Florida to protect its own jurisdiction. Under *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004), the proper respondent in a § 2241 habeas action is the immediate custodian, and the court with jurisdiction is the district of confinement at the time of filing. If Respondents transfer Petitioner to a detention facility in another district — a practice that has occurred with other Cuban nationals in similar proceedings — this Court would lose jurisdiction and Petitioner would be compelled to refile in an unfamiliar forum, causing additional delay during which the removal order could be executed.

Courts have consistently recognized that the government may not use transfer to defeat pending habeas jurisdiction. The anti-manipulation doctrine bars precisely this tactic. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008). The All Writs Act provides an independent and sufficient basis for this Court to enjoin any transfer pending final disposition of the habeas petition, and this Court should do so.

## VI.   EX PARTE RELIEF IS WARRANTED UNDER FED. R. CIV. P. 65(b).

Petitioner respectfully requests that this Court issue the TRO *ex parte*, or on very short notice of no more than 24 hours, for the following reasons: (1) Petitioner is subject to an active, final order of removal that may be executed at any time; (2) advance notice of this filing to ICE or DHS carries a substantial risk of triggering immediate execution of the removal order before this Court can act; and (3) the irreparable harm described above would be immediate and permanent upon execution.

Counsel will notify Respondents of this filing by contemporaneous email and fax to the Miami ERO Field Office Director and to the warden of Baker Correctional Institution immediately upon docketing. The Government can be heard on an expedited schedule set by this Court.

### CONCLUSION

For the foregoing reasons, this Court should immediately issue a temporary restraining order: (a) enjoining Respondents, their agents, servants, employees, successors, and all persons acting in concert with them from removing Petitioner Juanier Diaz Hernandez from the United States; and (b) enjoining Respondents from transferring Petitioner from the custody of the Warden of Baker Correctional Institution, Sanderson, Florida, to any facility outside the Middle District of Florida; pending a hearing on the underlying Petition for Writ of Habeas Corpus or further order of this Court.

Petitioner further requests that this Court convert the TRO to a preliminary injunction following expedited briefing by the parties, and schedule a hearing on the habeas petition at the earliest available date.

## CERTIFICATION PURSUANT TO FED. R. CIV. P. 65(b)(1)(B)

Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), undersigned counsel certifies that advance notice of this emergency motion to Respondents would risk triggering immediate execution of the removal order entered against Petitioner on February 20, 2026, thereby causing the irreparable harm described herein before this Court could act. Counsel will notify Respondents of this filing by contemporaneous fax and email to the Miami ERO Field Office and Baker Correctional Institution immediately upon docketing.

Respectfully submitted,

    S/Jose Leon
**Jose Antonio Leon, Esq.**
Florida Bar No. 1015343
Leon Law, PLLC
301 W. Bay Street, Suite 1449
Jacksonville, Florida 32202
Telephone: (904) 553-2185
Email: jose@legalleon.com
Counsel for Petitioner Juanier Diaz Hernandez

Dated: April 24th, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on April 28th, 2026, a copy of this Emergency Motion was served on the following by Eservice  and email with docketing:

U.S. Attorney's Office, Middle District of Florida, 300 N. Hogan Street, Suite 700, Jacksonville, FL 32202;

ICE Enforcement and Removal Operations, Miami Field Office, 333 S. Miami Avenue, Miami, FL 33130;

Baker Correctional Institution, Attention: Warden Ronnie Woodall, 20706 FL-10, Sanderson, FL 32087.


_____S/ Jose Leon
Jose Antonio Leon, Esq.